UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SENECA INSURANCE COMPANY, )<br>)<br>)<br>Plaintiff/Counterdefendant, )<br>)<br>v. )<br>)<br>CELLI TRUCKING COMPANY, )<br>CARLO CELLI & )<br>TARA MARCANIO, as Independent )<br>Administrator of the Estate of Dominic )<br>Louis Marcanio )<br>)<br>)<br>Defendants/Counterplaintiffs. ) | Case No. 19-cv-08241 |

**MEMORANDUM OPINION AND ORDER**

On July 6, 2020, defendants/counterplaintiffs Celli Trucking Company and Carlo Celli ("Celli") (collectively "Celli Trucking") filed a motion to strike plaintiff/counterdefendant Seneca Insurance Company's ("Seneca Insurance") affirmative defenses to Counterclaim and answers to certain paragraphs of the Counterclaim [19]. For the reasons stated herein, the motion to strike the affirmative defenses is granted with leave to replead and the motion to strike the answers is denied.

**Background**

On August 19, 2019, Tara Marcanio, as independent administrator of the Estate of Dominic Louis Marcanio, commenced an action against Celli Trucking and another entity for wrongful death and survival causes of action (the "Underlying Action"). Prior to the Underlying Action, Seneca Insurance issued an insurance policy to Celli Leasing Company (the "Policy"). Following the events leading up to the Underlying Action, Celli made a demand to Seneca Insurance to undertake Celli's defense and to provide liability coverage under the Policy. Seneca Insurance declined. On December 17, 2019, Seneca Insurance commenced an action for declaratory judgement against Celli

1

Trucking, seeking a declaration that the Policy affords no coverage for the claims asserted against Celli Trucking in the Underlying Action. On May 12, 2020, Celli Trucking filed their Answer, Affirmative Defenses and Counterclaim for declaratory judgment, breach of contract, and violations of Section 155 of the Illinois Insurance code. On June 23, 2020, Seneca Insurance filed its Answer and Affirmative Defenses to Celli Trucking's Counterclaim. Shortly after, Celli Trucking filed this motion to strike Seneca Insurance's Affirmative Defenses and Answers to certain paragraphs of the Counterclaim.

**Legal Standard**

Pursuant to Federal Rule of Civil Procedure 12(f) the Court may strike "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are pleadings and therefore subject to all of the pleading requirements of the Federal Rules of Civil Procedure. *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Affirmative defenses must contain sufficient factual allegations that state a defense that is plausible on its face under *Iqbal* and *Twombly*. The Court may strike affirmative defenses that are conclusory, vague, and unsupported because they do not meet the requirements imposed by Rule 8(a). *See Heller*, 883 F.2d at 1294. Motions to strike affirmative defenses are disfavored generally but will be granted where they remove unnecessary clutter from the case or where the affirmative defense is insufficient on the face of the pleadings. *Id.* However, the striking of an affirmative defense does not necessarily preclude the party from asserting or arguing its substantive merits later in the case. *Palomares v. Second Fed. Sav. & Loan Ass'n of Chi.*, 2011 WL 2111978, *2 (N.D. Ill. May 25, 2011) (citing *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.,* 576 F.Supp. 985, 988 (N.D. Ill. 1983) (Shadur, J.)).

**Discussion**

    A. Motion to Strike Affirmative Defenses

Celli Trucking moves to strike Seneca Insurance's affirmative defenses on the grounds that they are inadequately pled and that affirmative defenses One, Two, Three, Six, Seven, Eight, Nine, and Ten are not affirmative defenses. To survive a motion to strike, an affirmative defense must satisfy a three-part test: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Bernfeld v. U.S. Airways Inc.*, 2015 WL 2448275, at *3 (N.D. Ill. May 21, 2015) (internal citation omitted). Applying this test to Seneca Insurance's ten affirmative defenses, this Court finds that each of the defenses fail.

*First Affirmative Defense*

Seneca Insurance's First Affirmative Defense provides: "The Counterclaim fails to state a cause of action upon which relief can be granted as against Seneca." Some courts in this district have found that there is authority in the Federal Rules for failure to state a claim to be asserted as an affirmative defense. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F.Supp.2d 897, 905 (N.D. Ill. 2006) (Castillo, J.). However, Seneca Insurance's First Affirmative Defense is insufficiently pled as it merely restates the standard for dismissal pursuant to Rule 12(b)(6) and fails to provide any factual basis for its claim. Accordingly, the First Affirmative Defense is stricken.

*Second, Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses*

This Court finds that the Second, Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses are affirmative defenses as it could possibly defeat Celli Trucking's claims. *See Reis Robotics*, 462 F.Supp.2d at 906 (an affirmative defense "requires a responding party to admit a complaint's allegations but then permits the responding party to assert that for some legal reason it is nonetheless excused from liability[.]") (internal citation omitted). Nevertheless, without providing any factual basis for its claims, Seneca Insurance has failed to sufficiently plead these affirmative

3

defenses. Accordingly, the Second, Third, Sixth, Eighth, Ninth, and Tenth Affirmative Defenses are stricken.

*Fourth and Fifth Affirmative Defenses*

Seneca Insurance's Fourth and Fifth Affirmative Defenses rely on estoppel and waiver, respectively. Although estoppel and waiver are affirmative defenses identified in Rule 8(c)(1), Seneca Insurance makes bare bones assertions of these defenses without adequate factual enhancements, and thus these are inadequately pled. Accordingly, the Fourth and Fifth Affirmative Defenses are stricken.

*Seventh Affirmative Defense*

The Seventh Affirmative Defense provides: "Seneca's conduct at all times was reasonable and in good faith." This affirmative defense also fails as it merely states that the unidentified actions of Seneca Insurance were in good faith and lacks any factual basis to support its claim. Accordingly, the Seventh Affirmative Defense is stricken.

  **B. Answers**

Celli Trucking next moves to strike certain paragraphs of Seneca Insurance's Answer on the grounds that Seneca Insurance's answers fail to comply with Rule 7(b) "as there is no choice within FRCP 7(b) that documents 'speak for themselves.'" (*See* Defs.' Mot. Strike at 9-12, ECF No. 19). This Court agrees with Seneca Insurance that 7(b) "does not apply to or even address the sufficiency of a party's response to a pleading" and Celli Trucking's "reliance on Rule 7(b) as a basis for striking Seneca's responses to certain paragraphs of the Counterclaim is entirely misplace and without merit." (Pl.'s Resp. Mot. Strike at 6-7, ECF No. 26). In its response brief, Celli Trucking argues for the first time that Seneca Insurance's answers are insufficiently pled pursuant to Rule 8(b). However, new arguments may not be raised for the first time in a reply brief and, thus, this argument fails. *See Narducci v. Moore*, 572 F. 3d 313, 324 (7th Cir. 2009).

Celli Trucking also argues that Seneca Insurance's answers to paragraphs 2, 5, 9, 10 and 11 of Count I and paragraphs 1, 4, 8, 9, and 10 of Count II of Celli Trucking's Counterclaims should be stricken because they are the "exact same allegations" as Seneca Insurance's allegations in its Complaint and, therefore, it is improper for Seneca Insurance to contest these allegations. (*See* Defs.' Mot. to Strike at 7, ECF No. 19). This Court disagrees. Though Seneca Insurance adds qualifying language to its answers to paragraphs 2 and 5 of Count I and paragraphs 1 and 4 of Count II, it states that it admits the allegations to the extent that a response is required. Seneca Insurance also admits the allegations to paragraph 10 of Count I. Moreover, this Court finds that the allegations in paragraphs 9 and 11 of Count I and paragraphs 8 and 10 of Count II of Celli Trucking's Counterclaims do not contain the "exact same allegations" as the allegations in Seneca Insurance's Complaint. Accordingly, Celli Trucking's motion to strike certain paragraphs of Seneca Insurance's Answer is denied.

**Conclusion**

For the foregoing reasons, the Court hereby GRANTS in part and DENIES in part the Motion to Strike [19]. Further the Court STRIKES without prejudice and with leave to refile Affirmative Defenses.

**IT IS SO ORDERED.**

Date: 12/9/2020

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge