**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| SENECA INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Case No.: 1:19-cv-08241 |
| | ) | |
| CELLI TRUCKING COMPANY, CARLO | ) | |
| D. CELLI, CELLI LEASING COMPANY, | ) | |
| INC., CELLI PETROLEUM COMPANY | ) | |
| AND CELLI ENTERPRISES, INC. & | ) | |
| TARA MARCANIO, as Independent | ) | |
| Administrator of the Estate of DOMINIC | ) | |
| LOUIS MARCANIO, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO**
**DEFENDANTS' AMENDED COUNTERCLAIM**

NOW COMES Plaintiff, SENECA INSURANCE COMPANY ("Seneca"), by and

through its attorneys, Kennedys CMK, and for its Answer to the Amended Counterclaim (the

"Counterclaim") of Defendants/Counter-Plaintiffs Carlo Celli and Celli Leasing Company

(collectively, the "Celli Parties"), states as follows:

**COUNT I**
**DECLARATORY ACTION AGAINST SENECA AND**
**TARA MARCANIO (MARCANIO ESTATE**

**JURISDICTION AND VENUE**

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal

Rules of Civil Procedure and 28 U.S.C. Sec. 2201. In this action, Carlo Celli (herein also

"Celli") and Celli Leasing Company, an Illinois corporation, seek a determination of rights

and obligations under an insurance policy issued to Celli Leasing Company, Inc. in

connection with an underlying lawsuit filed by Tara Marcanio, as Independent Administrator

of the Estate of Dominic Louis Marcanio (the "Marcanio Estate"), which asserts certain

claims against Carlo D. Celli and Celli Leasing. For purposes of this Counterclaim/Cross

Claim, a true and accurate copy of the last pending complaint is attached as Exhibit B to

1

Seneca's Amended Complaint (Doc # 42-2) and is incorporated herein, along with the Marcanio Estate's most recent pleading.

**ANSWER**: To the extent the allegations of Paragraph 1 of Count I of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca admits that the Counterclaim purports to set forth a claim for declaratory judgment under Title 28 of the U.S. Code, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Count I of the Counterclaim and, therefore, deny those allegations and demand strict proof thereof. Answering further, Seneca admits that a true and accurate copy of the last pending complaint in the underlying lawsuit is attached as Exhibit B to Seneca's Amended Company (Doc #42-2).

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

**ANSWER:**    The allegations of Paragraph 2 of Count I of the Counterclaim assert statements of law or call for a legal conclusion, no response is required. To the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 2 of Count I of the Counterclaim.

3.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Sec. 1391(a) as Defendant Seneca is a citizen of New York, and Celli Parties are residents of Cook County, Illinois, the Marcanio Estate is a resident of Florida, and the events at issue took place in the Northern District of Illinois.

**ANSWER:**    To the extent the allegations of Paragraph 3 of Count I of the Counterclaim assert statements of law or call for a legal conclusion, no response is required

2

and none is made. To the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 3 of Count I of the Counterclaim.

## THE PARTIES

4.     Seneca is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, and Tara Marcanio is a resident of Florida.

**ANSWER:**    Seneca admits that it is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York. To the extent that the allegations contained in Paragraph 4 of Count I of the Counterclaim are not directed to Seneca, no response by Seneca is required. Answering further, to the extent a response is deemed required, Seneca admits the remaining allegations contained in Paragraph 4 of Count I of the Counterclaim.

5.     The Celli Parties are residents of the state of Illinois.

**ANSWER:**    To the extent that the allegations contained in Paragraph 5 of Count I of the Counterclaim are not directed to Seneca, no response by Seneca is required and none is made.  Answering further, to the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 5 of Count I of the Counterclaim.

6.     Seneca issued a policy of insurance, Policy Number CMP 4702479 (the "Policy"), to Celli Leasing Company, Inc.

**ANSWER:**    Seneca admits the allegations contained in Paragraph 6 of Count I of the Counterclaim.

7.     A true and accurate copy of the Policy is attached to Seneca's Amended Complaint filed on January 14, 2021 (Doc #43-3) and is incorporated as if fully attached hereto.

**ANSWER:** Seneca admits the allegations contained in Paragraph 7 of Count I of the Counterclaim.

## THE UNDERLYING ACTION

8. The Policy was in full force and effect on June 23, 2018.

**ANSWER:** Seneca admits that the effective period of the Policy was from May 6, 2018 to May 6, 2019.

9. The Policy provides Commercial General Liability coverage with limits of liability of $1,000,000 Each Occurrence and a $2,000,000 general aggregate. The Policy contains a Commercial General Liability Coverage Form (CG 00 01 04 13) which provides the following insuring agreement, in relevant part:

**SECTION I-COVERAGES**

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGES LIABILITY**

2. **Insuring Agreement**

   c. We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

   (3) The amount we will pay for damages is limited as described in Section III-Limits Of Insurance; and

   (4) Our right and duty to defend ends when we have used up the applicable limit of Insurance in the payment of judgments or settlement Coverages A or B or medical expenses under Coverage C.

   \* \* \*

   d. This Insurance applies to "bodily injury" and property damages only if:

   (3) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

4

        (4) The "bodily injury" or "property damage" occurs during the policy
        period.

Doc #43-3, p. 83.

    **ANSWER:** Seneca admits that the Policy provides Commercial General Liability coverage with limits of liability of $1,000,000 Each Occurrence and a $2,000,000 general aggregate and incorporates Commercial General Liability Coverage Form (CG 00 01 04 13), and further states that the terms, conditions, exclusions and endorsements contained in the Policy speak for themselves. Answering further, Seneca denies that the allegations contained in Paragraph 9 of Count I of the Counterclaim state the terms of the Policy accurately or completely.

    10.    The Policy contains a Commercial General Liability Declarations (form CG DS 0110 01), which contains the following schedule:

### ALL PREMISES YOU OWN, RENT OR OCCUPY

| LOC. NO | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
|---------|--------------------------------------------------|
| 001-001 | 2090 N. Mannheim R.<br>Cook<br>Melrose Park, IL 60160 |
| 002-001 | 4420-4440 W. Armitage Ave.<br>Cook<br>Melrose Park, IL 60160 |

Doc #43-3, p. 80.

    **ANSWER:** Seneca admits that the Policy contains a Commercial General Liability Declarations (form CG DS 0110 01) and further states that the terms, conditions, exclusions and endorsements contained in the Policy speak for themselves. Answering further, Seneca admits the allegations contained in Paragraph 10 of Count I of the Counterclaim.

    11.    The Commercial General Liability Coverage part of the Policy contains the following language regarding "Who Is An Insured":

### SECTION II – WHO IS AN INSURED

11.1.If you are designated in the Declarations as:

\*\*\*

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*\*\*

Doc #43-3, p. 91.

**ANSWER:** Seneca admits that the Commercial General Liability Coverage part of the Policy contains Section II –Who Is An Insured, and further states that the terms, conditions, exclusions and endorsements contained in the Policy speak for themselves. Answering further, Seneca denies that the allegations contained in Paragraph 11 of Count I of the Counterclaim accurately state the terms of the Policy.

12. On August 19, 2019, Tara Marcanio, as independent administrator of the Estate of Dominic Louis Marcanio, filed a lawsuit styled *Tara Marcanio, as Independent Administrator of the Estate of Dominic Louis Marcanio v. Commonwealth Edison Company, Celli Trucking D. Company and Carlo Celli*, Case No. 2019 L 009168, in the Circuit Court of Cook County, Illinois (the "Underlying Action"), alleging that the decedent Dominic Louis Marcanio was electrocuted by Commonwealth Edison's improperly installed electrical power lines while decedent was working on the roof at 4430 West Armitage Avenue, Melrose Park, Illinois (the "Property").

**ANSWER:** Seneca admits that, on August 19, 2019, Tara Marcanio, as independent administrator of the Estate of Dominic Louis Marcanio, filed a lawsuit styled *Tara Marcanio, as Independent Administrator of the Estate of Dominic Louis Marcanio v. Commonwealth Edison Company, Celli Trucking D. Company and Carlo Celli*, Case No. 2019 L 009168, in the Circuit Court of Cook County, Illinois. Answering further, Seneca lacks knowledge and information sufficient to form a belief as to the truth of the remaining

allegations contained in Paragraph 12 of Count I of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

13.     Carlo Celli and Celli Leasing Company are insureds under the Policy.

**ANSWER:**     To the extent the allegations of Paragraph 13 of Count I of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca admits that Celli Leasing Company, Inc. is identified as a Named Insured on the Policy.  Answering further, Seneca lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Count I of the Counterclaim and, therefore, denies those allegations and demands strict proof thereof.

14.     On or about June 23, 2018, Seneca was made aware of the occurrence in the Underlying Action, and Celli made demand on Seneca to assume his defense and to afford liability coverage by reason of the Policy.

**ANSWER:**     Seneca admits that Carlo Celli has requested that Seneca assume his defense and afford liability coverage under the Policy for the Underlying Action, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Count I of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

15.     Seneca refused to undertake the defense of Celli and Celli Leasing Company in the Underlying Action.

**ANSWER:**     Seneca admits that it advised Celli Trucking and Carlo Celli in writing that it disclaimed any obligation under the Policy to provide a defense or to indemnify Celli Trucking or Carlo D. Celli in connection with the claims asserted against them in the Underlying Action, but denies the remaining allegations contained in Paragraph 15 of Count I of the Counterclaim.

16.     Celli Parties contend that Seneca was obligated to defend them in the Underlying Action upon receipt of Celli's tender.

**ANSWER:**   The allegations contained in Paragraph 16 of Count I of the Counterclaim are not directed against Seneca and, therefore, no response by Seneca is required.  To the extent a response by Seneca is required, Seneca admits that the Celli Parties contend that Seneca was obligated to defend them in the Underlying Action.

17.     Seneca contends that it is not obligated to furnish a defense to Celli Parties and pay any judgment entered in the Underlying Action.

**ANSWER:**   Admitted.

18.     As a direct result of the breach by Seneca of its obligations and duties under the Policy, Carlo Celli and Celli Leasing have been obligated to spend money to defend and will be forced to spend additional monies defending against the suit brought by the Marcanio Estate in the Underlying Action.

**ANSWER:**   To the extent the allegations of Paragraph 18 of Count I of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca denies that it has breached any obligations and/or duties owed under the Policy. Answering further, Seneca lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Count I of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

19.     An actual controversy exists between Carlo Parties and Seneca Insurance Company and, by the terms and provision of FRCP 57 and 28 U.S.C. Sec. 2201, this Court is vested with the power to declare the rights and liabilities of the parties and to give such further relief as may be necessary.

**ANSWER:** The allegations of Paragraph 19 of Count I of the Counterclaim assert statements of law or call for a legal conclusion, to which no response is required. To the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 19 of Count I of the Counterclaim.

## COUNT II
## BREACH OF CONTRACT AGAINST SENECA

### JURISDICTION AND VENUE

1.      This is an action for declaratory judgment pursuant to Rule 57 of the Federal Rules of Civil Procedure and 28 U.S.C. Sec. 2201. In this action, Carlo Celli (herein also "Celli") and Celli Leasing Company, an Illinois corporation, seek a determination of rights and obligations under an insurance policy issued to Celli Leasing Company, Inc. in connection with an underlying lawsuit filed by Tara Marcanio, as Independent Administrator of the Estate of Dominic Louis Marcanio (the "Marcanio Estate"), which asserts certain claims against Carlo D. Celli and Celli Leasing. For purposes of this pleading, a true and accurate copy of the last pending complaint is attached as Exhibit 1, but shall incorporate the Marcanio Estate's most recent pleading.

**ANSWER**: To the extent the allegations of Paragraph 1 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca admits that the Counterclaim purports to set forth a claim for declaratory judgment under Title 28 of the U.S. Code, but lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Count II of the Counterclaim and, therefore, deny those allegations and demand strict proof thereof. Answering further, Seneca denies that a true and accurate copy of the last pending complaint is attached as Exhibit 1 to the Counterclaim.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. Sec. 1332(a), as this action is between citizens of different states and the amount in controversy exceeds $75,000.

**ANSWER:**    The allegations of Paragraph 2 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response is required. To the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 2 of Count II of the Counterclaim.

3.      Venue is proper in the Northern District of Illinois pursuant to 28 U.S.C. Sec. 1391(a) as Defendant Seneca is a citizen of New York, and Celli Parties are residents of Cook County, Illinois, the Marcanio Estate is a resident of Florida, and the events at issue took place in the Northern District of Illinois.

**ANSWER:**     To the extent the allegations of Paragraph 3 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 3 of Count II of the Counterclaim.

## THE PARTIES

4.      Seneca is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York, and Tara Marcanio is a resident of Florida.

**ANSWER:**    Seneca admits that it is a corporation organized and existing under the laws of the State of New York, with its principal place of business in New York. To the extent that the allegations contained in Paragraph 4 of Count II of the Counterclaim are not directed to Seneca, no response by Seneca is required. To the extent a response is deemed required, Seneca admits the remaining allegations contained in Paragraph 4 of Count II of the Counterclaim.

5.     Celli Parties are residents of the state of Illinois.

**ANSWER:**     To the extent that the allegations contained in Paragraph 5 of Count II of the Counterclaim are not directed to Seneca, no response by Seneca is required and none is made.  Answering further, to the extent a response is deemed required, Seneca admits the allegations contained in Paragraph 5 of Count II of the Counterclaim.

6.     Seneca issued a policy of insurance, Policy Number CMP 4702479 (the "Policy"), to Celli Leasing Company, Inc.

**ANSWER:**     Seneca admits the allegations contained in Paragraph 6 of Count II of the Counterclaim.

7.     A true and accurate copy of the Policy is attached to Seneca's Amended Complaint filed on January 14, 2021 (Doc #43-3) and is incorporated as if fully attached hereto as Exhibit 2.

**ANSWER:**     Seneca admits the allegations contained in Paragraph 7 of Count II of the Counterclaim.

<u>**THE UNDERLYING ACTION**</u>

8.     The Policy was in full force and effect on June 23, 2018.

**ANSWER:**     Seneca admits that the effective period of the Policy was from May 6, 2018 to May 6, 2019.

9.     The Policy provides Commercial General Liability coverage with limits of liability of $1,000,000 Each Occurrence and a $2,000,000 general aggregate. The Policy contains a Commercial General Liability Coverage Form (CG 00 01 04 13) which provides the following insuring agreement, in relevant part:

**SECTION I-COVERAGES**

**COVERAGE  A  -  BODILY  INJURY  AND  PROPERTY  DAMAGES LIABILITY**

11

2.    **Insuring Agreement**

c.   We will pay those sums that the Insured becomes legally obligated to pay as damages because of "bodily injury" or "property damages" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the Insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:

(3) The amount we will pay for damages is limited as described in Section III-Limits Of Insurance; and

(4) Our right and duty to defend ends when we have used up the applicable limit of Insurance in the payment of judgments or settlement Coverages A or B or medical expenses under Coverage C.

\*\*\*

d.   This Insurance applies to "bodily injury" and property damages only if:

(3) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

(4) The "bodily injury" or "property damage" occurs during the policy period.

Doc #43-3, p. 83.

**ANSWER:** Seneca admits that the Policy provides Commercial General Liability coverage with limits of liability of $1,000,000 Each Occurrence and a $2,000,000 general aggregate and incorporates Commercial General Liability Coverage Form (CG 00 01 04 13), and further states that the terms, conditions, exclusions and endorsements contained in the Policy speak for themselves. Answering further, Seneca denies that the allegations contained in Paragraph 9 of Count II of the Counterclaim state the terms of the Policy accurately or completely.

10.   The Policy contains a Commercial General Liability Declarations (form CG DS 0110 01), which contains the following schedule:

**ALL PREMISES YOU OWN, RENT OR OCCUPY**

| LOC. NO | ADDRESS OF ALL PREMISES YOU OWN, RENT OR OCCUPY |
|---------|--------------------------------------------------|
| 001-001 | 2090 N. Mannheim R. |
|         | Cook |
|         | Melrose Park, IL 60160 |
| | |
| 002-001 | 4420-4440 W. Armitage Ave. |
|         | Cook |
|         | Melrose Park, IL 60160 |

Doc #43-3, p. 80.

**ANSWER:** Seneca admits that the Policy contains a Commercial General Liability Declarations (form CG DS 0110 01) and further states that the terms, conditions, exclusions and endorsements contained in the Policy speak for themselves. Answering further, Seneca admits the allegations contained in Paragraph 10 of Count II of the Counterclaim.

11. The Commercial General Liability Coverage part of the Policy contains the following language regarding "Who Is An Insured":

### SECTION II – WHO IS AN INSURED

11.1.If you are designated in the Declarations as:

\*\*\*

d. An organization other than a partnership, joint venture or limited liability company, you are an insured. Your "executive officers" and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

\*\*\*

Doc #43-3, p. 91.

**ANSWER:** Seneca admits that the Commercial General Liability Coverage part of the Policy contains Section II –Who Is An Insured, and further states that the terms, conditions, exclusions and endorsements contained in the Policy speak for themselves. Answering further, Seneca denies that the allegations contained in Paragraph 10 of Count II of the Counterclaim accurately state the terms of the Policy.

13

12. On August 19, 2019, Tara Marcanio, as independent administrator of the Estate of Dominic Louis Marcanio, filed a lawsuit styled *Tara Marcanio, as Independent Administrator of the Estate of Dominic Louis Marcanio v. Commonwealth Edison Company, Celli Trucking D. Company and Carlo Celli*, Case No. 2019 L 009168, in the Circuit Court of Cook County, Illinois (the "Underlying Action"), alleging that the decedent Dominic Louis Marcanio was electrocuted by Commonwealth Edison's improperly installed electrical power lines while decedent was working on the roof at 4430 West Armitage Avenue, Melrose Park, Illinois (the "Property").

**ANSWER:** Seneca admits that, on August 19, 2019, Tara Marcanio, as independent administrator of the Estate of Dominic Louis Marcanio, filed a lawsuit styled *Tara Marcanio, as Independent Administrator of the Estate of Dominic Louis Marcanio v. Commonwealth Edison Company, Celli Trucking D. Company and Carlo Celli*, Case No. 2019 L 009168, in the Circuit Court of Cook County, Illinois. Answering further, Seneca lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12 of Count II of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

13. Carlo Celli and Celli Leasing Company are insureds under the Policy.

**ANSWER:** To the extent the allegations of Paragraph 13 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca admits that Celli Leasing Company, Inc. is identified as a Named Insured on the Policy. Answering further, Seneca lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 of Count II of the Counterclaim and, therefore, denies those allegations and demands strict proof thereof.

14.     On or about June 23, 2018, Seneca was made aware of the occurrence in the Underlying Action, and Celli made demand on Seneca to assume his defense and to afford liability coverage by reason of the Policy.

**ANSWER:**     Seneca admits that Carlo Celli has requested that Seneca assume his defense and afford liability coverage under the Policy for the Underlying Action, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14 of Count II of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

15.     Seneca refused to undertake the defense of Celli and Celli Leasing Company in the Underlying Action.

**ANSWER:**     Seneca admits that it advised Celli Trucking and Celli in writing that it disclaims any obligation under the Policy to provide a defense or to indemnify Celli Trucking or Celli in connection with the claims asserted against them in the Underlying Action, but denies the remaining allegations contained in Paragraph 16 of Count I of the Counterclaim.

16.     Celli Parties contend that Seneca was obligated to defend them in the Underlying Action upon receipt of Celli' s tender.

**ANSWER:**     The allegations contained in Paragraph 16 of Count II of the Counterclaim are not directed against Seneca and, therefore, no response by Seneca is required.  To the extent a response by Seneca is required, Seneca admits that the Celli Parties contend that Seneca was obligated to defend them in the Underlying Action upon receipt of Celli's tender.

17.     Seneca contends that it is not obligated to furnish a defense to Celli Parties and pay any judgment entered in the Underlying Action.

**ANSWER:**     Admitted.

18.     As a direct result of the breach by Seneca of its obligations and duties under the Policy, Carlo Celli and Celli Leasing have been obligated to spend money to defend and will be forced to spend additional monies defending against the suit brought by the Marcanio Estate in the Underlying Action.

**ANSWER:**   To the extent the allegations of Paragraph 18 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response is required and none is made. To the extent a response is deemed required, Seneca denies that it has breached any obligations and/or duties owed under the Policy. Answering further, Seneca lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18 of Count II of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

19.     Seneca breached the contract between the Parties as Seneca contends that it is not obligated to furnish a defense to Celli Parties and pay any judgment entered in the Underlying Action and by doing so has also breached its duty of good faith and fair dealing.

**ANSWER:**   To the extent the allegations of Paragraph 19 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response by Seneca is required. To the extent a response is deemed required, Seneca denies the allegations contained in Paragraph 19 of Count II of the Counterclaim.

20.     As a proximate cause of the breach by Seneca of its obligations and duties under the Policy, Celli Parties have suffered damages as the are obligated to spend money to defend and will be forced to spend additional monies defending against the suit brought by the Marcanio Estate in the Underlying Action.

**ANSWER:**   To the extent the allegations of Paragraph 20 of Count II of the Counterclaim assert statements of law or call for a legal conclusion, no response by Seneca is

required. To the extent a response is deemed required, Seneca denies the allegations contained in Paragraph 20 of Count II of the Counterclaim.

## COUNT III
## VIOLATION OF SECTION 155 OF THE ILLINOIS INSURANCE CODE BY SENECA

1-19. Carlo Celli and Celli Leasing Company incorporate paragraphs 1 through 19 of Count II for paragraphs 1-19 of Count III as if fully set forth herein.

**ANSWER:** Seneca repeats and reasserts its Answers to Paragraphs 1 through 19 of Count II of the Counterclaim as and for its Answers to Paragraphs 1 through 19 of Count III of the Counterclaim.

20. After Seneca was informed of the occurrence on June 23, 2018, which forms the basis of the Underlying Action, on April 26, 2019, Seneca inquired as to the "roof repairs" being done on the Property.

**ANSWER:** Seneca admits that on April 26, 2019, it requested information regarding the ongoing roof repairs that were being done on the Property, but lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 20 of Count III of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

21. Exhibit 1 is a true and accurate copy of the April 26, 2019 Seneca email.

**ANSWER:** Seneca lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of Count III of the Counterclaim and, therefore, denies those allegations and demand strict proof thereof.

22. In this case, Seneca:

    a. Investigated this claim and knew that the roof was being repaired due to leaks, or alternatively, failed to properly investigate to discover that the roof was being repaired due to leaks;

17

b. Failed to have adequate supporting evidence to conclude that the repairs were "construction, renovation, rehabilitation, demolition, erection, excavation, site preparation, or remediation";

c. Failed to evaluate the claim objectively; and

d. Interpreted the Policy provisions in an unreasonable manner.

**ANSWER:** To the extent the allegations of Paragraph 22 of Count III of the Counterclaim assert statements of law or call for a legal conclusion, no response by Seneca is required. To the extent a response is deemed required, Seneca denies each and every allegation contained in Paragraph 22 of Count III of the Counterclaim.

23. Due to the above, Seneca has taken the position that pursuant to Doc #42-3, p. 106, the insurance does not apply to the Underlying Action as it involves bodily injury arising out of "ongoing operations" of "construction, renovation, rehabilitation, demolition, erection, excavation, site preparation, or remediation" of the Property.

**ANSWER:** Seneca admits that it advised Celli Trucking and Celli in writing that, for the reasons set forth therein, Seneca disclaimed any obligation under the Policy to provide a defense or to indemnify Celli Leasing or Celli in connection with the claims asserted against them in the Underlying Action and has filed a Declaratory Judgment Complaint to obtain a judicial declaration that it owes no duties under the Policy to defend or indemnify Celli Leasing and/or Celli in connection with the claims asserted against them in the Complaint of the Underlying Action.

24. Seneca's actions are unreasonable and vexatious.

**ANSWER:** To the extent the allegations of Paragraph 24 of Count III of the Counterclaim assert statements of law or call for a legal conclusion, no response by Seneca is required. To the extent a response is deemed required, Seneca denies the allegations contained in Paragraph 24 of Count III of the Counterclaim.

25.     As a proximate cause of the breach by Seneca of its obligations and duties under the Policy, Celli Parties have suffered damages as they are obligated to spend money to defend and will be forced to spend additional monies defending against the suit brought by the Marcanio Estate in the Underlying Action.

**ANSWER:**   To the extent the allegations of Paragraph 25 of Count III of the Counterclaim assert statements of law or call for a legal conclusion, no response by Seneca is required. To the extent a response is deemed required, Seneca denies the allegations contained in Paragraph 25 of Count III of the Counterclaim.

**AFFIRMATIVE DEFENSES**

Seneca hereby set forth its separate and distinct Affirmative Defenses to the Counterclaim. Seneca set forth the following matters to apprise the Celli Parties of certain potentially applicable defences to the claims asserted in the Counterclaim.  By listing any matters in these Affirmative Defenses, Seneca does not assume the burden of proving any matter upon which the Celli Parties bear the burden of proof under applicable law. Moreover, by setting forth certain Affirmative Defenses below, Seneca does not waive their rights to assert additional defenses as the facts in this action develop and expressly reserves the right to amend or supplement these defenses as appropriate.

**FIRST AFFIRMATIVE DEFENSE**

The Counterclaim fails to state a claim or cause of action upon which relief can be granted as against Seneca because the claims asserted against the Celli Parties in the Underlying Action do not include allegations of "bodily injury" to which the insurance afforded under the Policy applies.

**SECOND AFFIRMATIVE DEFENSE**

The Policy does not afford coverage for the claims asserted against the Celli Parties in the Complaint filed in the Underlying Action because the allegations of the Complaint fail to

satisfy the requirements of the Insuring Agreement of Coverage A of the Commercial General Liability Coverage Part of the Policy.

### THIRD AFFIRMATIVE DEFENSE

Coverage A of the Commercial General Liability Coverage Part of the Policy does not afford coverage for the claims asserted against the Celli Parties in the Underlying Action because coverage for such claims is precluded by operation of the exclusion contained in the Limitation of Coverage to Designated Premises, Project or Operation endorsement of the Policy.

### FOURTH AFFIRMATIVE DEFENSE

The Policy does not afford coverage to the Celli Parties for the claims asserted against it in the Underlying Action because the Celli Parties violated the Duties In The Event Of Occurrence, Offense, Claim Or Suit Condition of the Policies with respect to notification to Seneca of an "occurrence", notification to Seneca of the Underlying Action, and Seneca's investigation of the claims asserted in the Underlying Action.

### FIFTH AFFIRMATIVE DEFENSE

Seneca's conduct in investigating the claims asserted against the defendants in the Underlying Action was reasonable and performed in good faith, its coverage position was based on an objective comparison of the allegations in the Underlying Action against the provisions on the Policy, communicated its coverage position to the Celli Parties in a prompt and timely manner and, pursuant to Illinois law, promptly filed this action to obtain a declaration regarding its rights and obligations under the Policy in connection with the claims asserted against the defendants in the Underlying Action.

### SIXTH AFFIRMATIVE DEFENSE

The Counterclaim fails to identify any facts demonstrating that Seneca's investigation and handling of the claims asserted against the Celli Parties in the Underlying Action were, in

any manner, unreasonable or vexatious.

**SEVENTH AFFIRMATIVE DEFENSE**

The Counterclaim fails to identify any facts demonstrating that Seneca failed to properly investigate the work that was being performed by the decedent in the Underlying Action at the time of the incident at issue; failed to have adequate supporting evidence to support its coverage position; failed to evaluate the claim objectively or interpreted the Policy provisions in an unreasonable manner.

**EIGHTH AFFIRMATIVE DEFENSE**

The claims asserted in the Counterclaim are barred, in whole or in part, as the liability, if any, of Seneca under the Policy for the claims asserted against the Celli Parties may be barred or limited by the terms of the "other insurance" clause contained in the Policy. To the extent that the claims asserted in the Underlying Action are covered under any policies of insurance issued by any other person or company, any liability of Seneca under the Policy must be reduced by proper allocation of any obligation to pay under all other applicable insurance and by the proper allocation of any obligation to pay all applicable deductibles, self-insurance applicable to such claims.

**PRAYER FOR RELIEF**

WHEREFORE, Seneca denies that the Celli Parties are entitled to a judgment against them in any form or amount whatsoever, and respectfully requests that the Court enter a judgment in its favor:

(a) Dismissing, with prejudice, the Celli Parties' Counterclaim;

(b) Denying the relief sought by the Celli Parties in the Counterclaim;

(c) Declaring that the Policy at issue herein imposes no duties or obligations upon Seneca to provide insurance coverage to the Celli Parties for the loss at issue herein;

(d) Awarding Seneca the appropriate costs of this action, including reasonable

21

attorneys' fees; and

(e) For all other and further relief as may appear just and proper to this Court.

Respectfully submitted:

/s/James J. Hickey
James J. Hickey
One of the Attorneys for Plaintiff
Seneca Insurance Company

James J. Hickey, Atty. No. 6198334
James.Hickey@kennedyslaw.com
Julie Klein, Atty. No. 6316842
Julie.Klein@kennedyslaw.com
KENNEDYS CMK
100 North Riverside Plaza, Suite 2100
Chicago, IL 60606
Phone: (312) 800-5000
Fax: (312) 207-2110

*Attorneys for Plaintiff Seneca Insurance Company*

## CERTIFICATE OF SERVICE

The undersigned, a non-attorney, being first duly sworn on oath, deposes and states that **Plaintiff Seneca Insurance Company's Answer and Affirmative Defenses to Defendants' Amended Counterclaim** was served via the Court's CM/ECF upon all counsel of record on June 16, 2021.


/s/Barbara A Jabaay
Barbara A. Jabaay
Under penalties as provided by law pursuant to 735 ILCS 5/1-109 of the Code of Civil Procedure, I certify that the statement set forth herein are true and correct.