UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SENECA INSURANCE CO., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CELLI TRUCKING CO., CARLO D. CELLI, CELLI LEASING CO., CELLI PETROLEUM CO., CELLI ENTERPRISES, INC. & TARA MARCANIO, *as Independent Administrator of the Estate of* DOMINIC LOUIS MARCANIO | ) ) ) ) ) ) ) ) | Case No. 19-CV-8241<br><br>Judge Sharon Johnson Coleman |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Seneca Insurance Company ("Seneca") brings this declaratory judgment action against Defendants Carlo Celli, Celli Trucking Company, Celli Leasing Company, Inc. ("Celli Leasing"), Celli Petroleum Company, and Celli Enterprises, Inc. (collectively, "Defendants"). The parties bring cross motions for summary judgment on Seneca's claims and Defendants' counterclaim. For the following reasons, the Court grants Seneca's motion for summary judgment [128] as to Count I and denies as to Count II. The Court grants Defendants' motion for summary judgment [123] as to Count I of their counterclaim, grants as to Count II, and denies as to Count III. The parties' claims on Seneca's duty to indemnify are dismissed without prejudice as premature.

**Background**

This action concerns insurance coverage for events that took place at a building owned by Defendants in Melrose Park, Illinois (the "Building"). In or around 2015, the Building sustained wind damage to its roof, which caused it to detach from the Building and let in water. (Dkt. 125 ¶ 1.) Defendants hired companies to conduct repairs to the roof, which Defendants purport fixed

the damage. About one year after the wind damage occurred, the Building experienced more leaks, and Carlo Celli—president of Celli Leasing, Celli Trucking Company, Celli Petroleum Company, and Celli Enterprises—hired roofers to perform more repairs. However, Celli believed they did not do "a very good job because [the Building] had leaks afterwards[.]" (Dkt. 129-10, at 35:7–10.)

Thereafter, Carlo Celli hired Avalon Maintenance Company ("Avalon") to fix the continued leaks. (*Id.*, at 38:23–24, 39:1–2.) Carlo Celli stated that his "goal was to have the entire roof replaced," but because he could not afford to replace the entire roof at once, he was "replacing sections of the roof [ ] a little bit at a time [and] doing the worst sections first." (Dkt. 129-6, at 7:18–19.) Avalon performed work on the roof in January 2017, March 2017, June 2017, September 2017, January 2018, and June 2018. (Dkt. 129 ¶¶ 36–40.) Avalon and Carlo Celli did not enter into an initial agreement to replace the roof in its entirety over a specific amount of time. Instead, before each repair, Carlo Celli called Avalon to start on a new section. (Dkt. 129-10, at 38:23–24; 39: 2–4.) Avalon also did some maintenance work for Defendants, including shoveling snow. (Dkt. 125 ¶ 22.)

After these repairs began but before they were complete, Celli Leasing acquired an insurance policy from Seneca effective May 6, 2018 through May 6, 2019 (the "Policy"). Seneca concedes that both Celli Leasing and Carlo Celli are Insureds under the Policy. (Dkt. 129 ¶ 4.) As part of the Policy creation, Celli Leasing agreed to a Designated Ongoing Operations Exclusion to the Policy's commercial general liability coverage (the "Exclusion"). The Exclusion states that coverage "does not apply to 'bodily injury' or 'property damage' arising out of the ongoing operations described in the Schedule of this endorsement, regardless of whether such operations are conducted by you or on your behalf or whether the operations are conducted for yourself or for others." (*Id.* ¶ 6.) Designated Ongoing Operation is defined as "[a]ny construction, renovation, rehabilitation, demolition, erection, excavation, site preparation, or remediation of any building, property or structure." (*Id.*)

On June 23, 2018, a representative from Avalon, Dominic Louis Marcanio (the "Decedent"), went to the Building to remove water from the roof after a period of rainfall. While performing the task, the Decedent was electrocuted and eventually died due to his injuries. The administrator of the Decedent's estate filed suit against Defendants concerning these events (the "Underlying Action"). Defendants filed a claim seeking coverage for the incident under the Policy.

Seneca retained an investigator to look into the claim and determine whether the Policy covered Celli Leasing and Carlo Celli. The investigator obtained a recorded statement made by Carlo Celli on July 18, 2018. In the recording, Carlo Celli states that he intended to have the entire roof replaced and had completed two-thirds of the roof's repairs at the time of the incident. (*Id.* ¶ 20.) Further, he stated that in the days leading up to the Decedent's death, he had been "trying to get the work done on the roof," but it had been too rainy and he "couldn't do the repair on the new leaks until the water was either dried or removed[.]" (*Id.* ¶¶ 21, 42.) With the weather clearing up, Carlo Celli sought to have Avalon remove the standing water on the roof so that they "could get working on the actual repairs[.]" (*Id.* ¶ 22.) Finally, Carlo Celli testified that Avalon had brought materials to the Building for the next section of repairs and that he paid for the materials so Avalon would "eventually come back and do the work." (*Id.* ¶¶ 43, 46.) In his deposition, Avalon owner James Marcanio ("Marcanio") testified that Avalon did not intend to do further repairs and only sent the Decedent to remove the water on the day of the incident. (Dkt. 129-12, at 85:6–11.)

**Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). A genuine dispute as to any material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.

Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When determining whether a genuine dispute as to any material fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Id.* at 255; *Lovelace v. Gibson*, 21 F.4th 481, 483 (7th Cir. 2021). After "a properly supported motion for summary judgment is made, the adverse party 'must set forth specific facts showing that there is a genuine issue for trial.'" *Anderson*, 477 U.S. at 255 (citation omitted).

**Evidentiary Issues**

Rule 56.1 Violations

As an initial matter, Defendants object to Seneca's response to Defendants' statement of facts under Northern District of Illinois Local Rule 56.1. Under the Rule, a party opposing a motion for summary judgment is required to file "a concise response to the movant's statement [of facts] that shall contain … a response to each numbered paragraph in the moving party's statement, including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. R. 56.1(b)(3)(B). The Seventh Circuit routinely upholds a "district court's discretion in requiring parties to comply strictly with local rule requirements." *Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 219 (7th Cir. 2015) (citation omitted).

First, Seneca failed to set forth the text of the asserted facts before stating its responses in violation of Rule 56.1. N.D. Ill. R. 56.1(e)(1). Seneca should take care to comply with all local rules in the future, but the Court, in its discretion, will not strike Seneca's response for this technical error. Further, Seneca failed to file a separate response to Defendant's statement of additional facts. Because the Defendants' additional facts (Dkt. 133, at 22–28) largely mirror the statement of facts in Defendants' motion for summary judgment (Dkt. 125), the Court applies Seneca's response to both.

Next, Defendants argue that Seneca failed to properly support its objections to Defendants' statement of facts. The Court rules only on objections to facts that have bearing on the outcome of the present motions. Seneca objects to a number of Defendants' factual statements on the grounds

4

that the statements are not a complete and accurate reflection of the record. However, Seneca does not cite to evidence contradicting Defendants' statements. The Court finds that Seneca has admitted the existence of the testimony cited in each statement. (Dkt. 125 ¶¶ 9, 11–13, 19, 41, 46–48, 54–57.) Next, Defendants' Statement of Facts No. 39, 40, and 45 are deemed admitted because Seneca fails to "provide the admissible evidence that supports [its] denial in a clear, concise, and obvious fashion, for quick reference of the court." As to Statement of Fact No. 20, the Court will give claims handler William Galasso's opinion the weight it is due, if any. Finally, Seneca objects to Statement of Facts No. 28 and 29 and asserts that the work done by the Decedent on June 23, 2018 should be classified as repairs rather than routine maintenance. All classification of the work as repairs, rehabilitation, or routine maintenance are stricken as legal conclusions. (*Id.* ¶¶ 28–29, 42–44, 49–53.)

Privileged Communications

Defendants next argue that the Court cannot consider Carlo Celli's recorded statement given to Seneca's investigator. Defendants contend that the communication between Carlo Celli and his insurance adjuster are privileged under Illinois law and thus would be inadmissible at trial. The Court need not determine whether statements were privileged communications because even if they were, Defendants have surely waived that privilege. Under Illinois law, "privilege may be waived by the client when the client voluntarily testifies to the privileged matter[.]" *Ctr. Partners, Ltd. v. Growth Head GP, LLC*, 367 Ill. Dec. 20, 31, 981 N.E.2d 345 (2012) (citing *Profit Mgmt. Dev., Inc. v. Jacobson, Brandvik & Anderson, Ltd.*, 309 Ill. App. 3d 289, 299, 721 N.E.2d 826 (2d Dist. 1999)). Because Carlo Celli voluntarily testified at his deposition to the contents of the discussion without objection from his counsel on the basis of privilege, any existing privilege is waived. *Profit Management Development, Inc.*, 309 Ill. App. 3d at 300 (concluding that plaintiffs waived privilege by giving deposition testimony regarding the privileged matter and failing to object to the material in court).

5

**Discussion**

Seneca moves for summary judgment on both counts of its declaratory action: first, that Celli Trucking, Celli Petroleum, and Celli Enterprises are not Insureds under the Policy; and second, that the Designated Ongoing Operation Exclusion precludes Seneca's duty to defend or indemnify Celli Leasing and Carlo Celli in the Underlying Action. Defendants also move for summary judgment on their counterclaims that Seneca possesses a duty to defend and indemnify Defendants in the underlying action, breached the insurance contract by denying coverage, and violated 215 ILCS 5/155 by unreasonably and vexatiously failing to defend Defendants.

<u>Claims against Celli Trucking, Celli Petroleum, and Celli Enterprises</u>

Seneca contends that it owes no obligation to Celli Trucking, Celli Petroleum, or Celli Enterprises under the Policy because they are not listed as Insureds and no portion of the Policy affords them coverage for the Underlying Action. Defendants respond that Seneca improperly dragged these defendants into this litigation though they did not request coverage. Defendants cursorily state without supporting legal authority that "Seneca's actions should not be condoned" and that these defendants are entitled to fees and costs for their involvement in the case. (Dkt. 134, at 17.) Defendants' position reveals they do not contest that Celli Trucking, Celli Petroleum, and Celli Enterprises are not covered under the Policy. Therefore, Seneca's motion is granted as to Count I of the complaint.

<u>Duty to Defend and Indemnify</u>

The bulk of the parties' dispute rests on whether Seneca must defend and indemnify Carlo Celli and Celli Leasing in the Underlying Action. To determine whether an insurer possesses a duty to defend the insured, courts compare the allegations of the complaint in the underlying action to the language of the insurance policy. *Am. Bankers Ins. Co. of Fla. v. Shockley*, 3 F.4th 322, 327 (7th Cir. 2021) (citing *Federated Mut. Ins. Co. v. Coyle Mech. Supply Inc.*, 983 F.3d 307, 314 (7th Cir. 2020)). If the

6

complaint in the underlying action alleges facts that potentially fall within the policy's coverage, the insurer must defend the insured. *Id.* Where, as here, "an insurer relies on a provision that it contends excludes coverage, courts review the applicability of the provision to ensure it is clear and free from doubt that the policy's exclusion prevents coverage." *Scottsdale Ins. Co. v. Columbia Ins. Grp., Inc.*, 972 F.3d 915, 919 (7th Cir. 2020) (internal quotation marks omitted). The insurer bears the burden of proving the exclusion applies because the insurer could have drafted the ambiguous exclusion with more specificity, avoiding disputes. *Panfil v. Nautilus Ins. Co.*, 799 F.3d 716, 721 (7th Cir. 2015).

Further, where an insurer has filed a declaratory action to seek a judgment that no coverage exists for the underlying claim, the insurer "is entitled to introduce evidence outside the underlying complaint so long as it does not implicate an 'ultimate issue' in the underlying action." *Landmark Am. Ins. Co. v. Hilger*, 838 F.3d 821, 826 (7th Cir. 2016). Because the questions at issue here do not impede Defendants' defenses in the Underlying Action, the Court may consider relevant, extrinsic evidence in its analysis.

Construing the terms of the insurance policy in favor of the insured, the Court is not free and clear from doubt that the Policy Exclusion prevents coverage. *Nat'l Am. Ins. Co. v. Artisan & Truckers Cas. Co.*, 796 F.3d 717, 723 (7th Cir. 2015) (citing *State Farm Fire & Cas. Co. v. Perez*, 387 Ill. App. 3d 549, 553, 899 N.E.2d 1231 (2d Dist. 2008)). The Exclusion precludes coverage in the event of bodily injury or property damage arising out of an "ongoing operation," which is defined as any "construction, renovation, rehabilitation, demolition, erection, excavation, site preparation, or remediation of any building, property or structure." (Dkt. 129 ¶ 6.) Because these terms are undefined by the policy, the Court gives them their plain and ordinary meaning. *AFM Mattress Co., LLC v. Motorists Com. Mut. Ins. Co.*, 37 F.4th 440, 443 (7th Cir. 2022).

Seneca argues that the Decedent's task on day of the incident—squeegeeing water off the roof—was in furtherance of Avalon's roof repairs, which were ongoing renovations excluded from the Policy's coverage. However, interpreting the terms of the Policy in Defendants' favor, actions taken in preparation for future renovations are not excluded from coverage. The Decedent did not in any way mend or repair the roof—rather, he stopped water leaking into the Building and sped up the timeframe in which Avalon could start new repairs. If Seneca intended for all renovation-related actions to be excluded from the Policy, it could have drafted the Exclusion to more clearly apply to maintenance tasks taken preparation for renovation. Therefore, the Policy does not clearly exclude coverage for the incident in the Underlying Action and Seneca possesses a duty to defend.

As a result, the Court grants Defendants' motion for summary judgment on Count I and II of their counterclaim and denies Seneca's motion for summary judgment as to Count II of its complaint. Because the Underlying Action has not reached resolution, the issue of whether Seneca has a duty to indemnify Defendants is not ripe. *See Am. Bankers Ins. Co. of Fla.*, 3 F.4th at 331–32; *see also Medical Assur. Co., Inc. v. Hellman*, 610 F.3d 371, 375 (7th Cir. 2010) (The question of the insurer's duty to indemnify "will not be ripe until liability has been established"). The Court does not reach the merits of Seneca's duty to indemnify and therefore dismisses the parties' indemnification claims, without prejudice, as premature. *See id.* (vacating the district court's ruling on summary judgment on the duty to indemnify and remanding for dismissal without prejudice on the claim).

Section 155 Claim

Next, Defendants argue that they are entitled to fees because Seneca's denial of the coverage claim was vexatious and unreasonable under 215 ILCS 5/155. Pursuant to the statute, where an insurance company is "unreasonable in settling a claim, and it appears to the court that such action or delay is vexatious and unreasonable, the court may allow as part of the taxable costs in the action reasonable attorneys fees" and other costs. 215 ILCS 5/155. Fees are not awarded when an insurer

8

is merely unsuccessful in litigation—the insurer's behavior must be "willful and without reasonable cause." *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 200 F.3d 1102, 1110 (7th Cir. 2000) (citing *Morris v. Auto-Owners Ins. Co.*, 239 Ill. App. 3d. 500, 509, 606 N.E.2d 1299 (4th Dist. 1993)). Where the claim presents a genuine legal or factual issue regarding coverage, the insurer's conduct is not vexatious or unreasonable. *Id.* (citing *Lazzara v. Howard A. Esser, Inc.*, 622 F. Supp. 382, 386 (N.D. Ill. 1985) (Rovner, J.)). Though unsuccessful on their duty to defend claim, this issue presented questions of fact and law warranting resolution. Therefore, Defendants cannot prevail in their Section 155 claim and Count III of the counterclaim is denied.

**Conclusion**

For the foregoing reasons, the Court grants Seneca's motion for summary judgment [128] as to Count I and denies as to Count II. The Court grants Defendants' motion for summary judgment [123] as to Count I of their counterclaim, grants as to Count II, and denies as to Count III. The parties' claims on Seneca's duty to indemnify are dismissed without prejudice as premature.

IT IS SO ORDERED.

Date: 2/8/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge