UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SENECA INSURANCE CO., | ) | |
| | ) | |
| Plaintiff/Counterdefendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARLO D. CELLI, CELLI LEASING CO., | ) | Case No. 19-CV-08241 |
| & TARA MARCANIO, *as Independent* | ) | |
| *Administrator of the Estate of* DOMINIC | ) | Judge Sharon Johnson Coleman |
| LOUIS MARCANIO | ) | |
| | ) | |
| Defendants/Counterplaintiffs. | ) | |
| | ) | |
| | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

Defendants Carlo D. Celli, Celli Leasing Company, and Tara Marcanio as Independent Administrator of the Estate of Dominic Louis Marcanio (collectively "Celli"), bring a petition for fees and a motion to enforce the amended judgment granted by the Court on March 13, 2024. In the amended judgment, the Court held that Plaintiff Seneca Insurance Company ("Seneca") possessed a duty to defend Celli in the underlying state court action concerning the events that precipitated this case (the "underlying action") and ordered Seneca to provide that defense. Seneca has appealed this amended judgment to the Seventh Circuit.

In their petition and motion, Celli requests that the Court order Seneca to pay Celli's attorneys $47,589.37 in defense fees and costs incurred by Celli in the underlying action since February 27, 2024, plus a $100,000 advance to cover expected fees and costs through the trial of the underlying action. As an alternative to the $100,00 advance, Celli requests that the Court order Seneca to pay attorneys' fees and costs to Celli attorneys Sheila Genson and Zane Smith (Zane D. Smith & Assoc.) on a monthly basis through the trial of the underlying action. Celli also requests that the Court hold Seneca

1

in contempt for failing to comply with the amended judgment and permit Celli to file a petition for fees and costs associated with bringing the present petition and motion and other filings related to Celli's enforcement of the amended judgment.

In their response, Seneca does not contest its duty to defend Celli under the Court's order but argues that it may require Celli to accept this defense under a reservation of rights that would permit Seneca to recoup any defense costs expended if Seneca prevails on its appeal of the amended judgment. Accordingly, Seneca requests that the Court deny Celli's petition for fees, or in the alternative, direct Celli to agree to Seneca's agreement to defend Celli under a reservation of rights.

For the following reasons, Celli's petition and motion is granted in part and denied in part.

**Background**

The Court detailed the events that precipitated the underlying action in its order granting and denying in part Seneca's and Celli's motions for summary judgment. (*See* Dkt. 147.) At summary judgment, filed by both parties in April 2022, the bulk of the parties' dispute rested on whether Seneca was required to defend and indemnify Celli in the underlying action. After reviewing the terms of the insurance policy, the Court held in February 2023 that the policy did not clearly exclude coverage for the incident in the underlying action; therefore, Seneca possessed a duty to defend Celli in the underlying action. (*Id.* at 8.) The Court further held that because the underlying action had not reached resolution, the issue of whether Seneca had a duty to indemnify Celli was not ripe and dismissed the parties' indemnification claims without prejudice. *Id.*

After hearing Seneca's request for clarification, the Court affirmed its order and entered judgment on October 4, 2023. (Dkt. 158.) Seneca then appealed the Court's order to the Seventh Circuit on October 13, 2023. (Dkt. 159.) After the Seventh Circuit directed the Court to ensure that there were no remaining issues for disposition, the Court entered an amended judgment on March 13, 2024, restating that Seneca had a duty to defend Celli in the underlying action and that all claims

2

regarding the duty to indemnify were dismissed without prejudice. (Dkt. 197.) This amended judgment is currently on appeal.

On October 30, 2023, pursuant to the Court's judgment, Celli sent a letter to Seneca requesting $40,274.57 for attorneys' fees and costs incurred in the underlying action. (Dkt. 204, Ex. A.) Then, on March 14, 2024, Celli sent another letter to Seneca requesting an additional $7,314.80 in attorneys' fees and costs. (Dkt. 204, Ex. B.) On April 16, 2024, Celli filed the present petition for fees and motion to enforce the amended judgment. In their motion, Celli contended that despite the Court's order that Seneca provide a defense to Celli in the underlying action and Celli's repeated outreach requesting Seneca's compliance with the amended judgment, Seneca had not provided the requested defense fees and costs. (Dkt. 204.)

During the hearing on this motion on April 30, 2024, the Court set a briefing schedule for the motion and instructed both parties to attempt to resolve the issues raised in Celli's motion without Court intervention. (Dkt. 208.) On May 15, 2024, Seneca wrote a letter to Celli stating that in accordance with the Court's judgment, Seneca would provide a defense to Celli in the underlying action, including the past defense costs requested by Celli, "subject to a complete reservation of rights, including the right to recoup such defense costs if Seneca prevails on appeal." (Dkt. 213, Ex. A.) Celli responded on May 16, 2024, rejecting Seneca's proposal. (Dkt. 213, Ex. B.) In their response, Celli argued that Seneca lacked the power to assert this reservation of rights under the parties' insurance policy, citing the Illinois Supreme Court's holding in *General Agents Ins. Co. of America, Inc. v. Midwest Sporting Goods Co.* that an insurer may not recover defense costs pursuant to a reservation of rights "absent an express provision to that effect in the insurance contract between the parties." 215 Ill. 2d 146, 166, 293 Ill. Dec. 594, 828 N.E.2d 1092 (2005).

Seneca responded on May 28, 2024, disagreeing with Celli's contention and distinguishing *General Agents* from the present case. (Dkt 213., Ex. C.). According to Seneca, the proper analogue

3

was the Illinois Appellate Court's holding in *Steadfast Ins. Co. v. Caremark Rx, Inc. (Steadfast II)* that an insurer may recover defense fees and costs expended in defending an insured in an underlying action if the declaratory judgment that found a duty to defend is later overturned on appeal. 373 Ill. App. 3d 895, 900, 869 N.E.2d 910 (2007).

On May 31, 2024, Celli emailed Seneca stating that it would not accept Seneca's proposal to defend under a reservation of rights and inquired whether Seneca had filed a response to its petition for fees. (Dkt. 213.) Seneca claims that it did not file a response because it believed that the parties would be able to reach an agreement without further involvement from the Court. *Id.* The parties subsequently briefed the petition and motion, with Celli filing a reply on June 4, 2024, Seneca responding on June 20, 2024, and Celli filing a sur-reply on July 2, 2024. The Court now considers Celli's petition and motion.

**Legal Standard**

"Rule 70 gives the district court a discrete and limited power to deal with parties who thwart final judgments by refusing to comply with orders to perform specific acts." *Analytical Eng'g, Inc. v. Baldwin Filters, Inc.*, 425 F.3d 443, 449 (7th Cir. 2005). Because the district court's purview under Rule 70 is limited to effectuating its final-judgment orders, "in granting relief under Rule 70, a district court cannot grant new rights or extinguish previous rights held by either party." *Id.* at 451. In sum, under Rule 70, "a district court may direct a party to complete a specific act where the district court previously directed the same party to perform the same act in its final judgment and that party has failed to comply." *Id.*

"There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Shillitani v. U.S.*, 384 U.S. 364, 370, 86 S. Ct. 1531, 1535, 16 L. Ed. 2d 622 (1966). Rule 70(e) of the Federal Rules of Civil Procedure permits courts to hold a disobedient party in contempt for failing to comply with a final judgment. Fed. R. Civ. P. 70(e). To

4

hold a party in contempt, the district court "must be able to point to a decree from the court which 'set[s] forth in specific detail an unequivocal command' which the party in contempt violated." *Stoler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989) (quoting *Ferrell v. Pierce*, 785 F.2d 1372, 1378 (7th Cir. 1986)).

**Discussion**

The parties do not dispute that the Court's amended judgment directs Seneca to defend Celli in the underlying action. Nor do they dispute the Court's authority under Rule 70 to compel a disobedient party to comply with this amended judgment or to hold a party in contempt for failing to comply. Instead, the dispute is whether, according to *General Agents* and *Steadfast II*, Seneca may require Celli to accept its court-ordered defense under a reservation of the right to recoup these defense costs if the Court's judgment is overturned on appeal.

### A. *General Agents* and *Steadfast II*

In *General Agents*, the insurer ("Gainsco") agreed to defend the insured ("Midwest") in the underlying action under a reservation of rights. In a letter responding to Midwest's request for defense, Gainsco stated that it would provide the defense "without waiving any of its rights and defenses, *including the right to recoup any defense costs paid in the event that it is determined that the Company does not owe the Insured a defense in this matter*." 215 Ill. 2d at 148–49 (emphasis in the original). After Midwest accepted the defense, Gainsco sought a declaratory judgment that it had no duty to defend. *Id.*

On review, the Illinois Supreme Court concluded that "if an insurer wishes to retain its right to seek reimbursement of defense costs in the event it later is determined that the underlying claim is not covered by the policy, the insurer is free to include such a term in its insurance contract." *Id.* at 164. "Absent such a provision in the policy, however, an insurer cannot later attempt to amend the policy by including the right to reimbursement in its reservation of rights letter." *Id.* Allowing an insurer to unilaterally modify its contract through a reservation of rights, the court held, would

5

"effectively place[] the insured in the position of making a Hobson's choice between accepting the insurer's additional conditions on its defense or losing its right to a defense from the insurer."[1] *Id.*

Because the insurance policy between the parties did not contain a provision allowing Gainsco to defend under such a reservation of rights to recoup defense costs, the court reversed the prior courts' holdings that had awarded Gainsco reimbursement of defense costs. With this case as support, Celli argues that because the parties' insurance policy does not contain a reservation of rights provision, Seneca's proposed agreement similarly seeks to "unilaterally modify[]" the contract and presents Celli with a "Hobson's choice" that the Illinois Supreme Court declared to be violative of public policy.

To rebut Celli's argument under *General Agents*, Seneca points to the Illinois Appellate Court's holding in *Steadfast II*. There, rather than agreeing to defend the insured ("Caremark") under a reservation of rights, the insurer ("Steadfast") first sought a declaratory judgment from the trial court that it had no duty to defend or indemnify Caremark in the underlying actions. At summary judgment, the trial court found that Steadfast had a duty to defend and refused to stay enforcement of the order pending the outcome of an appeal. The appellate court subsequently reversed the trial court's decision and remanded the case for resolution of fees. *Steadfast Ins. Co. v. Caremark Rx, Inc.*, 359 Ill. App. 3d 749, 296 Ill. Dec. 537, 835 N.E.2d 890 (2005) (*Steadfast I*).

On remand, Steadfast filed a "motion for restitution" seeking to recover the defense costs from Caremark that it had expended in the underlying actions. *Steadfast II*, 375 Ill. App. 3d. at 898. The trial court denied this motion, applying the Illinois Supreme Court's holding in *General Agents* to find that "Steadfast's filing of a declaratory judgement action was the 'functional equivalent' of an

---

[1] A "Hobson's choice" is "a situation in which it seems that you can choose between different things or actions, but there is really only one thing that you can take or do." *Hobson's choice,* CAMBRIDGE ADVANCED LEARNER'S DICTIONARY & THESAURUS, https://dictionary.cambridge.org/dictionary/english/hobson-s-choice (last accessed Oct. 9, 2024).

agreement to defend Caremark under a reservation of rights." *Id.* And since the insurance policy between Steadfast and Caremark did not include a reservation of rights provision, Steadfast could not recover the costs it had expended in the underlying actions.

The appellate court disagreed. "Because *Steadfast I* was decided as a matter of law, and because no factual issues existed on the question of a duty to defend," the court concluded that "Steadfast's duty to defend Caremark during the appeal of its declaratory judgment action did not arise out of its contractual obligations under the policy but, rather, arose out of the circuit court's erroneous order declaring that Steadfast had a duty to defend Caremark in the underlying federal actions." *Id.* at 900. Still, the court affirmed the trial court's denial of the motion because the insurer's complaint "did not contain a claim for unjust enrichment nor . . . allege any facts satisfying the elements of such a cause of action" and remanded the case for determination of that unjust enrichment claim. *Id.*

### B. *Applying* **General Agents** *and* **Steadfast II** *to the present petition and motion*

Both *General Agents* and *Steadfast II* are instructive to Celli's petition and motion. Similar to *Steadfast II*, it remains to be determined whether Seneca's duty to defend Celli in the underlying action during its appeal of the Court's amended judgment arises out of Seneca's contractual obligations under the parties' insurance policy or under the Court's "erroneous order." But unlike *Steadfast II*, here, Seneca does not seek to recover defense costs already expended through a motion for restitution after the appeal has been decided. Instead, Seneca requests that the Court add a condition of Seneca's compliance with the Court's order permitting Seneca to recoup any defense costs it expends defending Celli in the underlying action before it provides any defense and before its appeal of the amended judgment has been decided.

The Court will not grant this request. In addition to sharing the same characteristics of the "Hobson's choice" that the Illinois Supreme Court rejected in *General Agents*, Seneca's proposed agreement to Celli effectively acts as a long-overdue Rule 59(e) motion to amend a judgment, as it

7

seeks to change the terms of the Court's amended judgment—over a year and half since the Court's initial ruling and over six months since the amended judgment was entered—by adding to the Court's order a reservation of the right to recoup defenses fees and costs. As in *Steadfast II*, if Seneca's appeal of the amended judgment is successful, Seneca could seek equitable relief from the Court for restitution of any fees and costs expended. But the Court will not permit Seneca to condition its compliance with the Court's amended judgment on such a reservation of rights.

**Conclusion**

For these reasons, the Court grants in part and denies in part Celli's petition for fees and motion to enforce judgment [204]. Consistent with the amended judgment and Rule 70(a) of the Federal Rules of Civil Procedure, the Court directs Seneca to pay Celli's attorneys $47,589.37 for defense fees and costs incurred in the underlying action through February 27, 2024, as well as defense fees and costs incurred between February 28, 2024, and the date of this Order. Attorneys Sheila Genson and Zane Smith (Zane D. Smith & Assoc.) are to continue to defend Celli in the underlying action, and Seneca must pay defense fees and costs on a monthly basis through trial of the underlying action. The Court permits Celli to file a petition for fees for bringing this motion and other filings related to Celli's enforcement of the amended judgment. Because the parties were following the Court's instructions to attempt to resolve this dispute without court intervention, the Court denies Celli's request to hold Seneca in contempt of court under Rule 70(e) of the Federal Rules of Civil Procedure for failing to comply with the amended judgment, but places Seneca on notice that it may do so if there are further delays in its compliance with the amended judgment.

**IT IS SO ORDERED.**

Date: 10/18/2024

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge

8